# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| **SHANISE THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.** |
| | ) | |
| vs. | ) | **4:25-cv-00320-CDL** |
| | ) | |
| **REHABILITATION HOSPITAL** | ) | |
| **OF COLUMBUS LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Shanise Thomas ("Plaintiff") and Defendant Rehabilitation Hospital of Columbus, LLC ("Defendant") (collectively referred to as "the Parties"), by their respective attorneys hereby agree as follows:

1. The Parties anticipate that discovery in this case will call for the Parties to produce and/or disclose "Confidential Information," as that term is defined below. The Parties are willing to produce/disclose Confidential Information during the course of discovery provided that: (a) such Confidential Information is relevant and otherwise non-objectionable; and (b) the Party to whom such Confidential Information is produced or disclosed will be bound by the provisions of this Stipulated Protective Order.

2. For purposes of this Stipulated Protective Order, "Confidential Information" shall include the following types of information and documents,

provided that such information/documents are designated as "Confidential" as specified in paragraphs 3 and 4:

(a)    Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by Defendant (including any current or former employee, agent, and/or representative of Defendant and/or any of Defendant's affiliates) during the course of discovery that contains, discloses, or reveals: (i) private and/or sensitive information concerning Defendant's potential or actual acquisitions, business partnerships or deals (including, but not limited to, the identity, financial information, account numbers, terms of such business deals, social security numbers, dates of birth and other private or identifying information); (ii) private and/or sensitive information concerning past and present employees and/or other non-parties to this action (including, but not limited to, payroll information, performance and/or discipline records, social security numbers, dates of birth, financial information, and health or medical information); and/or (iii) confidential or proprietary business information.

(b)    Any other type of information that is maintained by the producing Party on a confidential basis, provided that the producing Party has a legitimate interest in maintaining the confidentiality/privacy of said information.

3.    If a Party contends that a document to be produced or an interrogatory answer to be provided constitutes or contains Confidential Information, that Party

shall mark each such document or interrogatory answer as "Confidential" prior to production or disclosure. However, in the event the producing Party elects to make documents available for inspection (as opposed to simply producing the documents), no marking need be made by the producing Party in advance of the initial inspection. After the inspecting Party has selected documents for copying or reproducing, the producing Party may designate as "Confidential" those documents that the producing Party believes to contain Confidential Information prior to producing copies of the selected documents.

4.      Should a Party believe that any deposition question calls for the disclosure of Confidential Information or that any deposition answer did, in fact, disclose Confidential Information, that party may direct the court reporter to mark the applicable portions of the transcript as "Confidential." Further, if a document that has been marked "Confidential" is introduced as a deposition exhibit, the testimony concerning that exhibit shall be designated as "Confidential" and said exhibit shall retain its "Confidential" designation and shall continue to be treated as "Confidential" pursuant to this Stipulated Protective Order.

5.      Should any Party object to the "Confidential" designation of any document, interrogatory answer, deposition exhibit, or deposition testimony, that Party shall have the right, after making a good faith attempt to resolve the dispute with the opposing Party, to move the Court for a determination concerning the

confidential nature of the document or information at issue. The moving Party will treat all materials or information designated as "Confidential" in accordance with the requirements of this Order during the pendency of any such motion.

6.      Confidential Information that is designated as "Confidential" pursuant to the terms of this Order may be used only in connection with the above-captioned case, and may be disclosed only to the following persons:

(a)    The attorneys of record in this proceeding, associated attorneys who are employed by the law firms of record in this proceeding, and legal assistants, paralegals and other support staff who are employed by the law firms of records in this proceeding;

(b)    The Parties to this action, which, for the purpose of this Stipulated Protective Order, shall include any and all agents and salaried employees of Defendant;

(c)    The United States District Court for the Middle District of Georgia, and any court of competent appellate jurisdiction, as well as Court personnel, including stenographic reporters regularly employed by the Court;

(d)    Any court reporter or other stenographic reporter who is called upon to record or transcribe testimony in this case, as well as

any video service providers who are retained in connection with any deposition;

(e)    Deposition witnesses during the course of a deposition (subject to the provisions contained in paragraph 4 above);

(f)    Any witness during the course of his or her testimony at the final trial or at any evidentiary hearing in this case;

(g)    Any mediator who is engaged to assist the Parties in settlement negotiations on a confidential basis;

(h)    Non-party witnesses and/or prospective witnesses outside of the context of the final trial (or other evidentiary hearing) and outside of the context of a deposition, provided that any such witness/prospective witness who is not a Party to this case must agree to be bound by this Stipulated Protective Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit A.

(i)    Any person who is called upon to assist counsel in counsel's understanding of relevant facts or to assist counsel in the preparation of his/her client's case, provided that any such person who is not a Party to this case must agree to be bound by

this Stipulated Protective Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit A.

(j)     Persons requested by counsel to furnish technical or other expert services and any employees of such persons (collectively "Experts"), provided that any such Expert agrees to be bound by this Stipulated Protective Order by signing the "Statement of Affirmation" that is attached hereto as Exhibit A.

(k)     Such other persons as hereafter may be designated by written stipulation of the Parties or by further Order of the Court on motion of any Party.

7.     The Parties (including their counsel) shall not give, show, disclose, make available, or communicate Confidential Information to any person, firm, corporation, or other entity not expressly authorized by this Stipulated Protective Order to receive such Confidential Information. The Parties (including their counsel) shall not use Confidential Information outside of the context of this case or for any purpose other than this case. However, nothing contained in this Order shall be construed as restricting or limiting any Party with respect to that Party's own Confidential Information.

8.     Any "Confidential Documents" (as defined herein) that are filed with the Court shall be accompanied by an appropriate motion to file the documents

under seal, shall be clearly marked as "Confidential," and shall be specifically designated as subject to the terms of this Stipulated Protective Order. For the purpose of this paragraph, "Confidential Document" shall mean: (a) Confidential Information that was produced/disclosed to the filing party during the course of discovery and that was designated by the producing/disclosing party as "Confidential;" (b) portions of deposition transcripts (including deposition exhibits) that contain or reveal Confidential Information and that were properly designated as "Confidential;" and (c) portions of briefs, memoranda, or any other writings that contain, describe, or otherwise reveal "Confidential Information" that was produced/disclosed to the filing party during the course of discovery and that was designated by the producing/disclosing party as "Confidential."

9. The procedures set forth herein shall not affect the rights of the Parties to object to discovery on other grounds, nor shall it relieve a Party of the necessity of making a proper response and/or objection to discovery requests, nor shall it preclude either party from seeking further relief or protective orders from the Court as may be appropriate.

10. After the final termination of this litigation (including any appellate proceedings that may ensue), and upon request of the producing party, all documents, transcripts or other materials afforded "Confidential" treatment pursuant to this Order (including any copies thereof and any extracts, summaries or

compilations taken therefrom) shall be returned to and/or recovered by counsel for the Party to whom the Confidential Information was produced and/or provided, provided that counsel for the producing party will agree to retain such documents in electronic form for a period of not less than six (6) years. The provisions of this Protective Order shall survive, and not terminate at, the conclusion of this action.

11.    The inadvertent or unintentional disclosure of any Confidential Information by any Party shall not be construed to be a waiver, in whole or in part, of the party's claims of confidentiality either as to the specific Confidential Information disclosed or as to any other related information.

12.    Any person who reviews or receives confidential material shall not disclose such information to any other person except as allowed by and in strict conformity with this Order. Attorneys of record shall advise all persons who are given access to confidential information of the terms of this order and shall have all persons who are given access to confidential information other than members of the attorneys' staff sign a copy of this order to acknowledge their familiarity with the terms of the order and its binding force. Individuals who are shown confidential information shall not be allowed to retain copies and shall not use the confidential information for any purpose unrelated to this litigation.

12.    The provisions of this Order will not affect the use or admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

**SO ORDERED,** this the  2 9 t h      day of  May., 2026.


S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE

**APPROVED FOR ENTRY:**

/s/Artur Davis*
Artur Davis
Admitted *Pro Hac Vice*
HKM Employment Attorneys LLP
2024 Third Ave. North
Suite 212
Birmingham, Alabama 35203
Telephone: 205-881-0935
Email: adavis@hkm.com


Jerilyn E. Gardner
Georgia Bar No. 139779
Email: jgardner@hkm.com
HKM Employment Attorneys
3344 Peachtree Rd. NE Suite 800
Office #35
Atlanta GA 30326
Telephone: 404-446-9544


*Counsel for Plaintiff*

*With express consent

/s/ Kimberly C. Ohanuka
Kimberly C. Ohanuka
Georgia Bar No. 205963
LITTLER MENDELSON, P.C.
3424 Peachtree Road N.E., Suite 1200
Atlanta, GA 30326.1127
Telephone: 404-233-0330
Email: kohanuka@littler.com

Stacey T. Bradford, *Pro Hac Vice*
LITTLER MENDELSON, P.C.
420 20th St N
Birmingham, AL  35203
Telephone: 205-421-4779
Email: sbradford@littler.com


*Counsel for Defendant*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **SHANISE THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action File No.** |
| | ) | |
| vs. | ) | **4:25-cv-00320-CDL** |
| | ) | |
| **REHABILITATION HOSPITAL** | ) | |
| **OF COLUMBUS LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>STATEMENT OF AFFIRMATION</u>

I, _____, hereby promise and agree to abide and

be bound by the Parties' Stipulated Protective Order in the above-captioned case.

This _____ day of _____, 2026.

_____
Signature